UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL ZAVODA, #293246,

       Plaintiff,

                                CASE NO. 2:10-CV-11254
v.                                  HONORABLE STEPHEN J. MURPHY

ARTHUR BUSCH, et al.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.    Introduction

Before the Court is Plaintiff Wayne Earl Zavoda's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. Mr. Zavoda is a state prisoner currently confined at the Newberry Correctional Facility in Newberry, Michigan. The Court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Mr. Zavoda challenges the validity of his state criminal prosecution, his criminal and post-conviction proceedings, and his continued confinement. He names Genesee County Prosecutors Arthur Busch, David Leyton, and Richard Riggs, Michigan Attorney General Mike Cox, Michigan Governor Jennifer Granholm, and Genesee County Circuit Court Judge Joseph Farah as defendants in this action. Mr. Zavoda seeks immediate release from custody, as well as monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted and on the basis of immunity.

1

II.  Discussion

Mr. Zavoda has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

Mr. Zavoda challenges the validity of his criminal prosecution, state court

2

proceedings, and continued confinement in his complaint. However, a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Mr. Zavoda were to prevail on his claims, the validity of his continued confinement would be called into question. His claims are barred by *Heck* and must be dismissed.

Mr. Zavoda's complaint is also subject to dismissal because he has failed to allege with any specificity what actions the defendants took or failed to take which he believes violated his constitutional rights. His allegations are conclusory and vague. It is well-settled that conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Additionally, it is well-

3

settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, or encouraged misconduct to establish liability).  Mr. Zavoda has failed to allege sufficient facts in his complaint to state a claim upon which relief may be granted under § 1983.

Lastly, the Court finds that Mr. Zavoda's claims against several defendants are subject to dismissal on the basis of absolute immunity.  The defendant prosecutors are absolutely immune from suit to the extent that Mr. Zavoda challenges their conduct in bringing or prosecuting the criminal charges against him and/or responding to challenges to his convictions.  It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, _ U.S. _, 129 S. Ct. 855, 861 (2009).  Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously.  *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for deciding to investigate and allegedly conspiring to present false charges to the grand jury).  The defendant prosecutors are entitled to absolute immunity on claims for damages based upon their actions as advocates for the State.

Similarly, Judge Farah is entitled to absolute immunity.  Judges and judicial employees are entitled to absolute judicial immunity on claims for damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is

4

absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). This immunity "applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice . . . ." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (internal citations omitted). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Allegations arising from Mr. Zavoda's state court proceedings involve the performance of judicial duties. Judge Farah is absolutely immune from suit for such conduct. The complaint must therefore dismissed.

III.    Conclusion

For the reasons stated, the Court concludes that Mr. Zavoda has failed to state a claim upon which relief may be granted against the defendants and that the defendant prosecutors and judge are entitled to absolute immunity. Accordingly, the Court **DISMISSES** the civil rights complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                              s/Stephen J. Murphy, III
                              STEPHEN J. MURPHY, III
                              United States District Judge

Dated: June 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2010, by electronic and/or ordinary mail.

                              s/Alissa Greer
                              Case Manager